NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3809
_____

CARMELLA GEORGE,
                                        Appellant

v.

COUNTY OF ALLEGHENY, PA, Allegheny County Jail
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-11-cv-00017)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 14, 2014
_____

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Filed: September 12, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Appellant Carmella George alleges that Appellee County of Allegheny (the

County) violated § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), by refusing to

transfer her to a light-duty position that would have accommodated her disability. The

District Court found that George's claim was barred by the statute of limitations and granted summary judgment in favor of the County. We need not reach that question, because we conclude that the record fails to establish the availability of a "vacant, funded position" to which George could have been transferred. *Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 230 (3d Cir. 2000). Accordingly, we will affirm the District Court's order granting summary judgment.

## I.

Because we write primarily for the parties, we will recount only the facts essential to our discussion. George began her term of employment with the Allegheny County Jail (the Jail) as a corrections officer in May 1998. As a "full duty" corrections officer, George was frequently required to engage in strenuous physical activity, including "inmate contact" such as breaking up fights and restraining prisoners. In 2005, George was involved in an altercation with an inmate that left her with injuries which limited her ability to engage in inmate contact. For a time she was reassigned to "light duty" on Level I of the Jail—a floor on which no prisoners were housed—and tasked with non-strenuous administrative and clerical duties. The record makes no mention of when George returned to full duty work after her stint on light duty in 2005, but it is apparent that at some point she did so.

On March 19, 2008, George was absent from work in order to undergo surgery related to a serious and chronic foot injury. The following day, she provided the County with a doctor's note stating that she was restricted to light duty, with no inmate contact,

from March 19, 2008 to April 4, 2008. In response, the County sent George a letter stating:

> After reviewing your physician's work restrictions, we regret to inform you that we are unable to accommodate this request for light duty. Per your job description, it is essential to your job functions that your work involves contact with inmates. We can not [sic] accommodate your request as we do no[t] have any openings that meet your restrictions.

(App. 42.) On April 2, George formally applied for leave under the Family and Medical Leave Act, which the County granted retroactively from March 19 through April 30. George later submitted a second doctor's note, dated April 21, 2008, again restricting her to light duty, this time until May 24. The County again responded that it had no appropriate openings.

On June 3, the County advised George that her leave was exhausted as of that day. On June 9, George provided the County with a doctor's release permitting a return to full duty, and returned to work on full duty the next day.

At some point between June 25 and July 2, George again ceased appearing for work. On July 7, the County notified George by letter that because she had no remaining leave, she was obligated to return to work within seven days or face termination. George attests that she followed up on the letter with the Jail's deputy warden, who told her that "everything was fine, and [she] could remain off indefinitely, so long as [she] was under doctor's care." (App. 245.) On July 17, however, the County held a disciplinary hearing regarding George's continuing absence from work.

3

In mid-September, George presented the County with a note from a new doctor, stating:

> Ms. Carmella [George] has been/is under my care from Sept. 13, 08 to 12/30/08.
>
> Restrictions: Light work
>
> Other observations: light duty, no inmate contact

(App. 60.)  The County nonetheless terminated George's employment on September 16, 2008.

On January 20, 2011, George filed the instant lawsuit in federal court.  Her primary allegation is that the County violated § 504 of the Rehabilitation Act by failing to accommodate her disability through transfer to a light-duty position.[1]  The County moved for summary judgment at the close of discovery, arguing, among other things, that (1) the statute of limitations had run on George's Rehabilitation Act claim, and (2) George had failed to establish that there was a vacant light-duty position to which she could have been transferred.  The District Court, finding that George's claim was subject to a two-year limitations period and thus time-barred, granted summary judgment in favor of the County.  George filed a timely notice of appeal.

---

[1] George's Complaint also included a claim under the Family and Medical Leave Act, 29 U.S.C. §§ 2601–54, but she later stipulated to its dismissal.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291, and may affirm the District Court's grant of summary judgment on any basis supported by the record. *Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 475 n.1 (3d Cir. 2003). Our review is plenary. *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 134 (3d Cir. 2013). A grant of summary judgment is appropriate where the movant establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence "'in the light most favorable to the nonmoving party.'" *Trinity Indus., Inc.*, 735 F.3d at 134–35 (quoting *Kurns v. A.W. Chesterton Inc.*, 620 F.3d 392, 395 (3d Cir. 2010)).

## III.

A plaintiff seeking relief under the Rehabilitation Act must come forward with prima facie evidence demonstrating: "(1) that he or she has a disability[;] (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job." *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996). Where the reasonable accommodation sought is a transfer, the employee "bears the burden of demonstrating: (1) that there was a vacant, funded position; (2) that the position was at or below the level of the plaintiff's former job; and (3) that the plaintiff was qualified to perform the essential duties of this job with

5

reasonable accommodation." *Donahue*, 224 F.3d at 230. "[I]f, after a full opportunity for discovery, the summary judgment record is insufficient to establish the existence of an appropriate position into which the plaintiff could have been transferred, summary judgment must be granted in favor of the defendant . . . ." *Id.* at 234.

We focus here on whether the record is sufficient to establish the existence of a vacant light-duty position at the Jail between March and September 2008. The District Court, finding that George's claim was barred by the statute of limitations, did not reach this issue.[2]

George offers undisputed evidence that the County maintained positions at the Jail which required only minimal physical exertion. For instance, two "job analysis" forms, dating from 2003, describe positions entitled "Corrections Officer- Training Clerk-Modified Duty," and "Corrections Officer- X-Ray Monitor-Modified Duty," both of which George could have performed despite her disability. (App. 66–71.) George also relies on the Jail's "shift schedule logs," which record the names of employees scheduled to work on a particular day, and "roll call books," which identify who actually reported to work. These records show that between March and September 2008, a number of light-duty assignments, including "Law Library," "ABC Visiting," and "Visit Liaison," existed

---

[2] We assume, without deciding, that the record contains evidence upon which a jury could conclude that George had a disability as of September 2008 and that this disability rendered her incapable of performing the essential functions of her job as a full-duty corrections officer. The County does not dispute that George was terminated.

at the Jail.  (*See, e.g.*, App. 135.)  And as further proof of the existence of such positions, George notes that "there were many other Corrections Officers who were assigned these light duty positions on Level 1."  Appellant's Br. at 21.

But therein lies the flaw in George's proof.  The shift schedule logs and roll call books demonstrate *not only* that a variety of light-duty assignments existed at the Jail, but also that for years, all such positions were filled day-in and day-out by other members of the Jail's corrections staff.  In other words, these records give no indication whatsoever that the County needed anyone else to perform light-duty work on a permanent, temporary, or even part-time basis.  Nor does George offer any conventional evidence of a vacant position during the period at issue, such as a job posting or a comparison of budgeted positions against filled positions.  And to the extent that George herself, by way of affidavit, flatly asserts that vacant positions existed, (*see, e.g.*, App. 243 ¶ 22), we attribute minimal probative value to it.  "'[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.'"  *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (quoting *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002)).

In sum, even when "view[ing] all [the] evidence in the light most favorable to the nonmoving party," *Trinity Indus., Inc.*, 735 F.3d at 134–35, we conclude that George has failed to meet her burden of production as to evidence of a vacant light-duty position to which the County could have transferred her.  Under George's "failure-to-transfer"

7

theory of the case, this is an essential element of her only remaining claim. The County

is therefore entitled to summary judgment.

IV.

For the aforementioned reasons, we will affirm the District Court's order of

August 16, 2013 insofar as it grants summary judgment in favor of the County and

against George on her Rehabilitation Act claim.[3]

---

[3] Because we need not reach the merits of the County's limitations defense, we take no position on that issue.